## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE FOUNDRY TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> TCL CORPORATION, TCL COMMUNICATION, INC., TTE TECHNOLOGY, INC. (D/B/A TCL AMERICA), and TCT MOBILE (US) INC. <br><br> Defendants. | C.A. No.: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Innovative Foundry Technologies LLC ("IFT" or "Plaintiff"), brings this action for patent infringement under 35 U.S.C. § 271 against TCL Corporation, TCL Communication, Inc., TTE Technology, Inc. (d/b/a TCL America), and TCT Mobile (US) Inc. (collectively "Defendants" or "TCL"), and alleges as follows:

## THE PARTIES

1.     Plaintiff Innovative Foundry Technologies LLC is a Delaware corporation, and has a principal place of business at 40 Pleasant Street, Suite 208, Portsmouth, NH 03801.

2.     TCL Corporation is a Chinese company, and is located at 9/F,Tcl Industry Building, No.6, Eling South Road, Huicheng District, Huizhou, Guangdong, 516008, China. TCL Corporation is the parent corporation of Defendants TCL Communication, Inc., TTE Technology, Inc. (d/b/a TCL America), and TCT Mobile (US) Inc. TCL Corporation, either itself and/or through the activities of its subsidiaries, makes, uses, sells, offers for sale, and/or imports

throughout the United States, including within this District, products, such as smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits, that infringe the Asserted Patents, defined below. TCL Corporation orders and purchases semiconductor devices and integrated circuits that it incorporates into downstream products that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These downstream products may include, but are not limited to, smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits.

3.      TCL Communication, Inc. is a wholly-owned subsidiary of Defendant TCL Corporation. TCL Communication, Inc. is a Delaware corporation, and has a principal place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCL Communication, Inc. provides sales, research, and development support in North America for its ultimate parent, TCL Corporation. TCL Communication, Inc. makes, uses, sells, offers for sale, and/or imports throughout the United States, including within this District, products, such as smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits, that infringe the Asserted Patents. TCL Communication, Inc. orders and purchases semiconductor devices and integrated circuits that it incorporates into downstream products that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These downstream products may include, but are not limited to, smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits.

4.      TTE Technology, Inc. (d/b/a TCL America) is a wholly-owned subsidiary of Defendant TCL Corporation. TTE Technology, Inc. (d/b/a TCL America) is a Delaware

corporation, and has a principal place of business at 5541 West 74th Street, Indianapolis, Indiana 46268. TTE Technology, Inc. (d/b/a TCL America) provides sales, research, and development support in North America for its ultimate parent, TCL Corporation. TTE Technology, Inc. (d/b/a TCL America) makes, uses, sells, offers for sale, and/or imports throughout the United States, including within this District, products, such as smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits, that infringe the Asserted Patents. TTE Technology, Inc. (d/b/a TCL America) orders and purchases semiconductor devices and integrated circuits that it incorporates into downstream products that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These downstream products may include, but are not limited to, smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits.

5.     TCT Mobile (US) Inc. is a wholly-owned subsidiary of Defendant TCL Corporation. TCT Mobile (US) Inc. is a Delaware corporation, and has a principal place of business at 25 Edelman, Suite 200, Irvine, California, 92618. TCT Mobile (US) Inc. provides sales, research, and development support in North America for its ultimate parent, TCL Corporation. TCT Mobile (US) Inc. makes, uses, sells, offers for sale, and/or imports throughout the United States, including within this District, products, such as smartphones, tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits, that infringe the Asserted Patents. TCT Mobile (US) Inc. orders and purchases semiconductor devices and integrated circuits that it incorporates into downstream products that are made, used, sold, offered for sale, and/or imported throughout the United States, including within this District. These downstream products may include, but are not limited to, smartphones,

tablets, televisions, smartwatches, and various other products that include semiconductor devices and integrated circuits.

## THE ASSERTED PATENTS

6.      United States Patent No. 6,583,012 ("the '012 Patent") is entitled "Semiconductor Devices Utilizing Differently Composed Metal-Based In-Laid Gate Electrodes" and issued on June 24, 2003 to inventors Matthew S. Buynoski, Qi Xiang, and Paul R. Besser. The '012 Patent issued from United States Patent Application No. 09/781,436 filed on February 13, 2001. A copy of the '012 Patent is attached hereto as Exhibit A.

7.      United States Patent No. 6,797,572 ("the '572 Patent") is entitled "Method For Forming a Field Effect Transistor Having a High-K Gate Dielectric and Related Structure" and issued on September 29, 2004 to inventors Joong S. Jeon and Huicai Zhong. The '572 Patent issued from United States Patent Application No. 10/618,273 filed on July 11, 2003. A copy of the '572 Patent is attached hereto as Exhibit B.

8.      United States Patent No. 7,009,226 ("the '226 Patent") is entitled "In-Situ Nitride/Oxynitride Processing With Reduced Deposition Surface Pattern Sensitivity" and issued on March 7, 2006 to inventor Sey-Ping Sun. The '226 Patent issued from United States Patent Application No. 10/887,836 filed on July 12, 2004. A copy of the '226 Patent is attached hereto as Exhibit C.

9.      United States Patent No. 7,880,236 ("the '236 Patent") is entitled "Semiconductor Circuit Including a Long Channel Device and a Short Channel Device" and issued on February 1, 2011 to inventors Andreas Kerber and Kingsuk Maitra. The '236 Patent issued from United States Patent Application No. 12/181,180 filed on July 28, 2008. A copy of the '236 Patent is attached hereto as Exhibit D.

10.     United States Patent No. 9,373,548 ("the '548 Patent") is entitled "CMOS Circuit Having a Tensile Stress Layer Overlying an NMOS Transistor and Overlapping a Portion of Compressive Stress Layer" and issued on June 21, 2016 to inventors Gen Pei, Scott D. Luning, Johannes Van Meer. The '548 Patent issued from United States Patent Application No. 12/199,659 filed on August 27, 2008. The '548 Patent claims priority to United States Patent Application No. 11/532,753, filed on September 18, 2006. A copy of the '548 Patent is attached hereto as Exhibit E.

11.     By way of assignment, Plaintiff owns all rights, title, and interest to the '012 Patent, the '572 Patent, the '226 Patent, the '236 Patent, and the '548 Patent (collectively, the "Asserted Patents").

12.     The Asserted Patents are each valid and enforceable.

## JURISDICTION AND VENUE

13.     This action arises under the Patent Act, 35 U.S.C. § 1 *et seq*.

14.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

15.     Venue in this District is proper under 28 U.S.C. § 1391(c)(3) and 28 U.S.C. § 1400(b). Defendant TCL Corporation is not a resident of the United States and may be sued in any district, including this District. Defendants TCL Communication, Inc., TTE Technology, Inc. (d/b/a TCL America), and TCT Mobile (US) Inc. reside in this District. All Defendants have committed acts of infringement in this District.

16.     This Court has personal jurisdiction over Defendants. Defendants TCL Communication, Inc., TTE Technology, Inc. (d/b/a TCL America), and TCT Mobile (US) Inc. reside in this District. All Defendants have conducted and do conduct business within the State of Delaware. Defendants, directly or through subsidiaries or intermediaries (including distributors,

retailers, and others), ship, distribute, make, use, offer for sale, sell, import, and/or advertise (including by providing an interactive web page) their products and/or services in the United States and the District of Delaware and/or contribute to and actively induce their customers to ship, distribute, make, use, offer for sale, sell, import, and/or advertise (including the provision of an interactive web page) infringing products and/or services in the United States and the District of Delaware. Defendants, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), have purposefully and voluntarily placed one or more of their infringing products and/or services, as described below, into the stream of commerce with the expectation that those products will be purchased and used by customers and/or consumers in the District of Delaware. These infringing products and/or services have been and continue to be made, used, sold, offered for sale, purchased, and/or imported by customers and/or consumers in the District of Delaware. Defendants have committed acts of patent infringement within the District of Delaware.

## **BACKGROUND**

17.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

18.     The Asserted Patents stem from the research and design of innovative and proprietary technology developed by IFT's licensee, Advanced Micro Devices, Inc. ("AMD"). AMD is an American multinational company and pioneer of cutting-edge semiconductor technology. Founded in 1969 in Santa Clara, California, AMD has made substantial investments to research, develop, and/or have manufactured high quality semiconductor devices, integrated circuits, and products containing the same. The Asserted Patents cover inventions relating to important aspects of AMD's integrated circuit and microfabrication technology.

19.     Defendants made, used, sold, offered for sale, imported, tested, designed, and/or marketed in the United States semiconductor devices, integrated circuits, and products containing the same that infringe, or were manufactured using processes that infringe, the Asserted Patents.

20.     Defendants have been placed on actual notice of the Asserted Patents. Defendants received actual notice of the Asserted Patents at least as early as February 2019 by way of a letter to TCL dated February 8, 2019. Additionally, the filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287.

21.     After receiving actual notice of the Asserted Patents, the Defendants proceeded to make, use, test, design, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, semiconductor devices, integrated circuits, and products containing the same that infringe, or were manufactured using processes that infringe, the Asserted Patents.

22.     Defendants have directly infringed, and continue to directly infringe, the Asserted Patents under 35 U.S.C. § 271(a) and (g) by one or more of making, using, selling and/or offering to sell, in this District and elsewhere in the United States, and importing into this District and elsewhere in the United States, certain infringing semiconductor devices, integrated circuits, and products containing the same including, but not limited to, semiconductor devices, integrated circuits, and products containing the same, which infringe, or were manufactured using processes that infringe, the Asserted Patents, as further described in detail in Counts I-X *infra* (collectively, "Accused Products").

23.     Defendants have also indirectly infringed, and continue to indirectly infringe, the Asserted Patents under 35 U.S.C. § 271(b) and (c). Defendants knew and intended to induce and contribute to the infringement of the Asserted Patents. The Accused Products, and the processes

of manufacture of the Accused Products, have no substantial non-infringing use. After receiving actual notice of the Asserted Patents, the Defendants proceeded to actively induce, and materially contribute to, its customers' infringement of the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing semiconductor devices, integrated circuits, and products containing the same that infringe, or were manufactured using processes that infringe, the Asserted Patents, and instructing customers to infringe the Asserted Patents.

24.     Thus, Defendants have indirectly infringed, and continue to indirectly infringe, the Asserted Patents under 35 U.S.C. § 271(b) by actively inducing their customers to infringe the Asserted Patents by making, using, selling, offering for sale, marketing, advertising, and/or importing the Accused Products to their customers for use in downstream products that infringe, or were manufactured using processes that infringe, the Asserted Patents, and by instructing customers to infringe the Asserted Patents, as described in detail in Counts I-X *infra*. Additionally, Defendants have indirectly infringed, and continue to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(c) by materially contributing to their own customers' infringement of the Asserted Patents by making, using, selling, offering for sale, advertising, marketing, and/or importing the Accused Products to their customers for use in downstream products that infringe, or which were manufactured using processes that infringe, the Asserted Patents, and by instructing customers to infringe the Asserted Patents, as described in detail in Counts I-X *infra*.

25.     The Accused Products include, but are not limited to all TCL smartphones, tablets, televisions, smartwatches, and products that include semiconductor devices and integrated circuits manufactured at 5-65 nanometer technology nodes, including, but not limited to, TCL's Alcatel 1, Alcatel 1C, Alcatel 1C (2019), Alcatel 1T 10, Alcatel 1T 7, Alcatel 1X, Alcatel 1X (2019), Alcatel 3, Alcatel 3C, Alcatel 3T 8, Alcatel 3V, Alcatel 3X, Alcatel 5, Alcatel 5V, Alcatel A3 10" 4G,

Alcatel A3 10" Wi-Fi, Alcatel A3 7" KIDS, Alcatel A3 XL, Alcatel A5 LED, Alcatel A50, Alcatel A7, Alcatel A7 XL, Alcatel IDOL 5, Alcatel IDOL 5S, Alcatel U5 HD, Blackberry DTEK50, Blackberry DTEK60, Blackberry KEY ONE, Blackberry KEY2, Blackberry KEY2 LE, Blackberry Motion, TCL 28S305, TCL 32D100, TCL 32S301, TCL 32S305, TCL 32S321, TCL 32S327, TCL 40D100, TCL 40S303, TCL 40S305, TCL 40S325, TCL 43S303, TCL 43S305, TCL 43S325, TCL 43S405, TCL 43S421, TCL 43S425, TCL 43S515, TCL 43S517, TCL 49D100, TCL 49S305, TCL 49S325, TCL 49S403, TCL 49S405, TCL 49S425, TCL 49S515, TCL 49S517, TCL 50S423, TCL 50S425, TCL 55R615, TCL 55R617, TCL 55S403, TCL 55S405, TCL 55S421, TCL 55S423, TCL 55S517, TCL 65S401, TCL 65S403, TCL 65S405, TCL 65S423, TCL 65S425, TCL 65S515, TCL 65S517, TCL 75R615, TCL 75R617, TCL 75S423, and TCL S303 products.

26.     Defendants' acts of infringement have caused damage to Plaintiff. Plaintiff is entitled to recover from Defendants the damages incurred by Plaintiff as a result of Defendants' wrongful acts.

## COUNT I
### (Defendants' Infringement of the '012 Patent)

27.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

28.     Plaintiff is the assignee and lawful owner of all right, title and interest in and to the '012 Patent. The '012 Patent is valid and enforceable.

29.     Defendants have directly infringed, and continue to directly infringe, the '012 Patent by making, using, selling, offering for sale, or importing into the United States products manufactured using processes that infringe the '012 Patent including, but not limited to, semiconductor devices, integrated circuits, and products containing the same. The accused

products that infringe one or more claims of the '012 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

30.    For example, and without limitation, the Accused Products were manufactured using processes that infringe claims 1-11 of the '012 Patent.

31.    Attached hereto as <u>Exhibit F</u>, and incorporated into this Complaint, is a claim chart showing that the manufacture of the Alcatel A50 smartphone is covered by at least Claim 1 of the '012 Patent. Attached hereto as <u>Exhibit G</u>, and incorporated into this Complaint, is a claim chart showing that the manufacture of the TCL 55R617 television is covered by at least Claim 1 of the '012 Patent. These claim charts are exemplary and, on information and belief, many other products provided by TCL infringe the '012 Patent.

32.    Defendants have, and continue to, indirectly infringe the '012 Patent by actively inducing and contributing to the infringement of the '012 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Amazon.com, Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

33.    Defendants specifically intended these others, such as customers, resellers, and retailers, to infringe the '012 Patent and knew that these others perform acts that constituted direct infringement. For example, <u>Exhibit F</u> shows that an exemplary product, the Alcatel A50 smartphone, which is sold by Amazon.com, Inc., is manufactured using processes that infringe the '012 Patent. As further example, <u>Exhibit G</u> shows that an exemplary product, the TCL 55R617 television, which is sold by Amazon.com, Inc., is manufactured using processes that infringe the '012 Patent. Defendants designed the Accused Products such that they would each infringe the '012 Patent as described in <u>Exhibits F-G</u> if made, used, sold, offered for sale, or imported into the

United States. Defendants provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import in and into the United States the Accused Products, thereby directly infringing one or more claims of the '012 Patent.

34.     In addition, upon information and belief, Defendants provide instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When the others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '012 Patent. By providing such instructions, user guides, and/or other documentation, Defendants know and intend that those others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '012 Patent. Defendants thus know that their actions actively induce infringement.

35.     The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibits F-G, any manufacture, use, sale, offer for sale or importation in or into the United States of an Accused Product or a downstream product incorporating an Accused Product infringes the '012 patent. The Accused Products are electronic devices that incorporate semiconductor devices and integrated circuits that provide vital functionality to the Accused Products. The Accused Products cannot be used without such semiconductor devices and integrated circuits. Thus, the Accused products have no substantial non-infringing uses.

36.     Defendants have had knowledge of the '012 Patent since at least as of receiving a letter to TCL dated February 8, 2019.

37.     Defendants' continued infringement of the '012 Patent has damaged and will continue to damage Plaintiff.

38.     Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringement.

## COUNT II
### (Defendants' Willful Infringement of the '012 Patent)

39.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

40.     Defendants have infringed and/or do willfully infringe the '012 Patent.

41.     Defendants received actual notice of the '012 Patent at least as early as February 2019 by way a letter to TCL dated February 8, 2019. After receiving such actual notice of the '012 Patent, Defendants proceeded to make, use, test, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, the Accused Products.

42.     On information and belief, Defendants engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '012 Patent. Defendants knew and should have known that its actions would cause direct and indirect infringement of the '012 Patent.

## COUNT III
### (Defendants' Infringement of the '572 Patent)

43.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

44.     Plaintiff is the assignee and lawful owner of all right, title and interest in and to the '572 Patent. The '572 Patent is valid and enforceable.

45.     Defendants have directly infringed, and continue to directly infringe, the '572 Patent by making, using, selling, offering for sale, or importing into the United States products manufactured using processes that infringe the '572 Patent including, but not limited to, semiconductor devices, integrated circuits, and products containing the same. The accused products that infringe one or more claims of the '572 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

46.     For example, and without limitation, the Accused Products were manufactured using processes that infringe claims 1-7 of the '572 Patent.

47.     Attached hereto as Exhibit H, and incorporated into this Complaint, is a claim chart showing that the manufacture of the Alcatel A50 smartphone is covered by at least Claim 1 of the '572 Patent. Attached hereto as Exhibit I, and incorporated into this Complaint, is a claim chart showing that the manufacture of the TCL 55R617 television is covered by at least Claim 1 of the '572 Patent. These claim charts are exemplary and, on information and belief, many other products provided by TCL infringe the '572 Patent.

48.     Defendants have, and continue to, indirectly infringe the '572 Patent by actively inducing and contributing to the infringement of the '572 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Amazon.com, Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

49.     Defendants specifically intended these others, such as customers, resellers, and retailers, to infringe the '572 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit H shows that an exemplary product, the Alcatel A50 smartphone, which is sold by Amazon.com, Inc., is manufactured using processes that infringe the

'572 Patent. As further example, Exhibit I shows that an exemplary product, the TCL 55R617 television, which is sold by Amazon.com, Inc., is manufactured using processes that infringe the '572 Patent. Defendants designed the Accused Products such that they would each infringe the '572 Patent as described in Exhibits H-I if made, used, sold, offered for sale, or imported into the United States. Defendants provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import in and into the United States the Accused Products, thereby directly infringing one or more claims of the '572 Patent.

50.     In addition, upon information and belief, Defendants provide instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When the others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '572 Patent. By providing such instructions, user guides, and/or other documentation, Defendants know and intend that those others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '572 Patent. Defendants thus know that their actions actively induce infringement.

51.     The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibits H-I, any manufacture, use, sale offer for sale or importation in or into the United States of an Accused Product or a downstream product incorporating an Accused Product infringes the '572 patent. The Accused Products are electronic devices that incorporate semiconductor devices and integrated circuits that provide vital functionality to the Accused Products. The Accused Products cannot be used without such

semiconductor devices and integrated circuits. Thus, the Accused products have no substantial non-infringing uses.

52.     Defendants have had knowledge of the '572 Patent since at least as of receiving a letter to TCL dated February 8, 2019.

53.     Defendants' continued infringement of the '572 Patent has damaged and will continue to damage Plaintiff.

54.     Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringement.

## COUNT IV
### (Defendants' Willful Infringement of the '572 Patent)

55.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

56.     Defendants have infringed and/or do willfully infringe the '572 Patent.

57.     Defendants received actual notice of the '572 Patent at least as early as February 2019 by way of a letter to TCL dated February 8, 2019. After receiving such actual notice of the '572 Patent, Defendants proceeded to make, use, test, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, the Accused Products.

58.     On information and belief, Defendants engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '572 Patent. Defendants knew and should have known that its actions would cause direct and indirect infringement of the '572 Patent.

## COUNT V
### (Defendants' Infringement of the '226 Patent)

59.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

60.     Plaintiff is the assignee and lawful owner of all right, title and interest in and to the '226 Patent. The '226 Patent is valid and enforceable.

61.     Defendants have directly infringed, and continue to directly infringe, the '226 Patent by making, using, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '226 Patent including, but not limited to, semiconductor devices, integrated circuits, and products containing the same. The accused products that infringe one or more claims of the '226 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

62.     For example, and without limitation, the Accused Products infringe claims 1-9 of the '226 Patent.

63.     Attached hereto as Exhibit J, and incorporated into this Complaint, is a claim chart showing where in the Blackberry DTEK50 smartphone each limitation of Claim 1 is met. This claim chart is exemplary and, on information and belief, many other products provided by TCL infringe the '226 Patent.

64.     Defendants have, and continue to, indirectly infringe the '226 Patent by actively inducing and contributing to the infringement of the '226 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Amazon.com, Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

65.     Defendants specifically intended these others, such as customers, resellers, and retailers, to infringe the '226 Patent and knew that these others perform acts that constituted direct infringement. For example, <u>Exhibit J</u> shows that an exemplary product, the Blackberry DTEK50 smartphone, which is sold by Amazon.com, Inc., infringes the '226 Patent. Defendants designed the Accused Products such that they would each infringe the '226 Patent as described in <u>Exhibit J</u> if made, used, sold, offered for sale, or imported into the United States. Defendants provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import in and into the United States the Accused Products, thereby directly infringing one or more claims of the '226 Patent.

66.     In addition, upon information and belief, Defendants provide instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When the others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '226 Patent. By providing such instructions, user guides, and/or other documentation, Defendants know and intend that those others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '226 Patent. Defendants thus know that their actions actively induce infringement.

67.     The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in <u>Exhibit J</u>, any manufacture, use, sale offer for sale or importation in or into the United States of an Accused Product or a downstream product incorporating an Accused Product infringes the '226 patent. The Accused Products are electronic devices that incorporate semiconductor devices and integrated circuits that provide vital functionality to the Accused Products. The Accused Products cannot be used without such

semiconductor devices and integrated circuits. Thus, the Accused products have no substantial non-infringing uses.

68.     Defendants have had knowledge of the '226 Patent since at least as of receiving a letter to TCL dated February 8, 2019.

69.     Defendants' continued infringement of the '226 Patent has damaged and will continue to damage Plaintiff.

70.     Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringement.

## COUNT VI
### (Defendants' Willful Infringement of the '226 Patent)

71.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

72.     Defendants have infringed and/or do willfully infringe the '226 Patent.

73.     Defendants received actual notice of the '226 Patent at least as early as February 2019 by way a letter to TCL dated February 8, 2019. After receiving such actual notice of the '226 Patent, Defendants proceeded to make, use, test, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, the Accused Products.

74.     On information and belief, Defendants engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '226 Patent. Defendants knew and should have known that its actions would cause direct and indirect infringement of the '226 Patent.

<u>COUNT VII</u>
**(Defendants' Infringement of the '236 Patent)**

75.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

76.     Plaintiff is the assignee and lawful owner of all right, title and interest in and to the '236 Patent. The '236 Patent is valid and enforceable.

77.     Defendants have directly infringed, and continue to directly infringe, the '236 Patent by making, using, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '236 Patent including, but not limited to, semiconductor devices, integrated circuits, and products containing the same. The accused products that infringe one or more claims of the '236 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

78.     For example, and without limitation, the Accused Products infringe claims 1-18 of the '236 Patent.

79.     Attached hereto as <u>Exhibit K</u>, and incorporated into this Complaint, is a claim chart showing where in the Alcatel A50 smartphone each limitation of Claim 1 is met. Attached hereto as <u>Exhibit L</u>, and incorporated into this Complaint, is a claim chart showing where in the TCL 55R617 television each limitation of Claim 1 is met. These claim charts are exemplary and, on information and belief, many other products provided by TCL infringe the '236 Patent.

80.     Defendants have, and continue to, indirectly infringe the '236 Patent by actively inducing and contributing to the infringement of the '236 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Amazon.com, Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

81.     Defendants specifically intended these others, such as customers, resellers, and retailers, to infringe the '236 Patent and knew that these others perform acts that constituted direct infringement. For example, <u>Exhibit K</u> shows that an exemplary product, the Alcatel A50 smartphone, which is sold by Amazon.com, Inc., infringes the '236 Patent. As further example, <u>Exhibit L</u> shows that an exemplary product, the TCL 55R617 television, which is sold by Amazon.com, Inc., infringes the '236 Patent. Defendants designed the Accused Products such that they would each infringe the '236 Patent as described in <u>Exhibits K-L</u> if made, used, sold, offered for sale, or imported into the United States. Defendants provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import in and into the United States the Accused Products, thereby directly infringing one or more claims of the '236 Patent.

82.     In addition, upon information and belief, Defendants provide instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When the others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '236 Patent. By providing such instructions, user guides, and/or other documentation, Defendants know and intend that those others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '236 Patent. Defendants thus know that their actions actively induce infringement.

83.     The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in <u>Exhibits K-L</u>, any manufacture, use, sale, offer for sale or importation in or into the United States of an Accused Product or a downstream product incorporating an Accused Product infringes the '236 patent. The Accused Products are electronic

devices that incorporate semiconductor devices and integrated circuits that provide vital functionality to the Accused Products. The Accused Products cannot be used without such semiconductor devices and integrated circuits. Thus, the Accused Products have no substantial non-infringing uses.

84.     Defendants have had knowledge of the '236 Patent since at least as of receiving a letter to TCL dated February 8, 2019.

85.     Defendants' continued infringement of the '236 Patent has damaged and will continue to damage Plaintiff.

86.     Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringement.

## COUNT VIII
### (Defendants' Willful Infringement of the '236 Patent)

87.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

88.     Defendants have infringed and/or do willfully infringe the '236 Patent.

89.     Defendants received actual notice of the '236 Patent at least as early as February 2019 by way a letter to TCL dated February 8, 2019. After receiving such actual notice of the '236 Patent, Defendants proceeded to make, use, test, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, the Accused Products.

90.     On information and belief, Defendants engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '236 Patent. Defendants knew and should have known that its actions would cause direct and indirect infringement of the '236 Patent.

## COUNT IX
### (Defendants' Infringement of the '548 Patent)

91.     Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

92.     Plaintiff is the assignee and lawful owner of all right, title and interest in and to the '548 Patent. The '548 Patent is valid and enforceable.

93.     Defendants have directly infringed, and continue to directly infringe, the '548 Patent by making, using, selling, offering for sale, or importing into the United States products and/or methods covered by one or more claims of the '548 Patent including, but not limited to, semiconductor devices, integrated circuits, and products containing the same. The accused products that infringe one or more claims of the '548 Patent include, but are not limited to, at least the Accused Products. Further discovery may reveal additional infringing products and/or models.

94.     For example, and without limitation, the Accused Products infringe claims 1-3 of the '548 Patent.

95.     Attached hereto as Exhibit M, and incorporated into this Complaint, is a claim chart showing where in the Blackberry DTEK50 smartphone each limitation of Claim 1 is met. This claim chart is exemplary and, on information and belief, many other products provided by TCL infringe the '548 Patent.

96.     Defendants have, and continue to, indirectly infringe the '548 Patent by actively inducing and contributing to the infringement of the '548 Patent by others, such as customers, resellers, and retailers. These others include, but are not limited to, Amazon.com, Inc. and its affiliates, who, for example, sell, offer for sale, and/or import throughout the United States, including within this District, the Accused Products.

97.     Defendants specifically intended these others, such as customers, resellers, and retailers, to infringe the '548 Patent and knew that these others perform acts that constituted direct infringement. For example, Exhibit M shows that an exemplary product, the Blackberry DTEK50 smartphone, which is sold by Amazon.com, Inc., infringes the '548 Patent. Defendants designed the Accused Products such that they would each infringe the '548 Patent as described in Exhibit M if made, used, sold, offered for sale, or imported into the United States. Defendants provided, directly or indirectly, Accused Products to others, such as, but not limited to, customers, knowing and intending that those others would use, sell, offer for sale, and/or import in and into the United States the Accused Products, thereby directly infringing one or more claims of the '548 Patent.

98.     In addition, upon information and belief, Defendants provide instructions, user guides, and/or other documentation to the infringing others regarding the use and operation of the Accused Products. When the others follow such instructions, user guides, and/or other documentation, they directly infringe one or more claims of the '548 Patent. By providing such instructions, user guides, and/or other documentation, Defendants know and intend that those others will follow those instructions, user guides, and other documentation, and thereby directly infringe one or more claims of the '548 Patent. Defendants thus know that their actions actively induce infringement.

99.     The Accused Products have no substantial non-infringing uses and are a material part of the invention. As described in Exhibit M, any manufacture, use, sale offer for sale or importation in or into the United States of an Accused Product or a downstream product incorporating an Accused Product infringes the '548 patent. The Accused Products are electronic devices that incorporate semiconductor devices and integrated circuits that provide vital functionality to the Accused Products. The Accused Products cannot be used without such

semiconductor devices and integrated circuits. Thus, the Accused products have no substantial non-infringing uses.

100.    Defendants have had knowledge of the '548 Patent since at least as of receiving a letter to TCL dated February 8, 2019.

101.    Defendants' continued infringement of the '548 Patent has damaged and will continue to damage Plaintiff.

102.    Plaintiff is entitled to recover damages adequate to compensate it for Defendants' infringement.

## COUNT X
### (Defendants' Willful Infringement of the '548 Patent)

103.    Plaintiff incorporates the allegations of all of the foregoing paragraphs as if fully restated herein.

104.    Defendants have infringed and/or do willfully infringe the '548 Patent.

105.    Defendants received actual notice of the '548 Patent at least as early as February 2019 by way of a letter to TCL dated February 8, 2019. After receiving such actual notice of the '548 Patent, Defendants proceeded to make, use, test, sell, and/or offer to sell in this District and elsewhere in the United States, and import into this District and elsewhere in the United States, the Accused Products.

106.    On information and belief, Defendants engaged in such activities despite an objectively high likelihood that its actions constituted infringement of valid patents, including the '548 Patent. Defendants knew and should have known that its actions would cause direct and indirect infringement of the '548 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

a)      A judgment that the Asserted Patents are valid and enforceable;

b)      A judgment that Defendants have infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '012 Patent;

c)      A judgment that Defendants' infringement of the '012 Patent was willful, and that Defendants' continued infringement of the '012 Patent is willful;

d)      A judgment that Defendants have infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '572 Patent;

e)      A judgment that Defendants' infringement of the '572 Patent was willful, and that Defendants' continued infringement of the '572 Patent is willful;

f)      A judgment that Defendants have infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '226 Patent;

g)      A judgment that Defendants' infringement of the '226 Patent was willful, and that Defendants' continued infringement of the '226 Patent is willful;

h)      A judgment that Defendants have infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '236 Patent;

i)      A judgment that Defendants' infringement of the '236 Patent was willful, and that Defendants' continued infringement of the '236 Patent is willful;

j)      A judgment that Defendants have infringed, directly and indirectly, either literally or under the Doctrine of Equivalents, one or more claims of the '548 Patent;

k)      A judgment that Defendants' infringement of the '548 Patent was willful, and that Defendants' continued infringement of the '548 Patent is willful;

l)      An injunction against Defendants, their officers, agents, servants, employees, all parent and subsidiary entities, all assignees and successors in interest, and those

persons or entities acting in concert or participation with Defendants, including distributors, enjoining them from further infringement of the Asserted Patents;

m)   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants' past infringement, and any continuing or future infringement of the Asserted Patents, including pre or post judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for Defendants' infringement, an accounting:

i.     that Plaintiff be awarded enhanced damages by reason of the Defendants' willful infringement of the '012 Patent;

ii.    that Plaintiff be awarded enhanced damages by reason of the Defendants' willful infringement of the '572 Patent;

iii.   that Plaintiff be awarded enhanced damages by reason of the Defendants' willful infringement of the '226 Patent;

iv.    that Plaintiff be awarded enhanced damages by reason of the Defendants' willful infringement of the '236 Patent;

v.     that Plaintiff be awarded enhanced damages by reason of the Defendants' willful infringement of the '548 Patent;

vi.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendants incurred in prosecuting this action;

vii.   that Plaintiff be awarded costs and expenses incurred in prosecuting this action; and

n)      A judgment that Plaintiff be awarded such further relief at law or in equity as the

Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Under Fed. R. Civ. P. 38, Plaintiff hereby demand trial by jury on all claims

and issues so triable.

Dated: February 13, 2019

OF COUNSEL:

Michael T. Renaud
James M. Wodarski
Michael J. McNamara
William Meunier
Samuel F. Davenport
Adam S. Rizk
Marguerite McConihe
Catherine Xu
Serge Subach
MINTZ LEVIN COHN FERRIS
    GLOVSKY AND POPEO PC
One Financial Center
Boston, MA 02111
617-542-6000

Respectfully submitted,

**FARNAN LLP**

*/s/ Michael J. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
phone 302-777-0300
fax 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Innovative Foundry
Technologies LLC*